## JULIA A. HICKMAN *v.* THE KANSAS CITY, MEMPHIS AND BIRMINGHAM RAILROAD CO.

PLEADING.    *Contributory negligence.*

> In an action to recover damages for personal injuries, the declaration need' not aver the absence of contributory negligence on the part of the injured person. An averment that the injury was caused by the fault or negligence of the defendant is sufficient. It is only necessary for the plaintiff to state a *prima facie* case.

FROM the circuit court of Union county.

HON. W. S. FEATHERSTON, Judge.

Appeal from judgment sustaining a demurrer to a declaration.

The opinion states the case.

*Clayton & Anderson,* for appellant.

The declaration states that the injury was caused by the negligence of the defendant, and that was sufficient. Besides, § 1059 of the code of 1880 provides that "proof of injury inflicted by the running of the locomotives or cars of such company shall be *prima facie* evidence of the want of reasonable skill and care on the part of the servants of such company." Under this statute, after proof of the injury, it would not be necessary to *prove* that the deceased was without fault; then what is the necessity for alleging it?

Plaintiff is only required to allege a *prima facie* case. 7 How. (Miss.) 395. See also *R. R. Co.* v. *Phillips,* 64 Miss. 693 ; *R. R. Co.* v. *Hamilton,* 62 Miss. 503 ; *R. R. Co.* v. *Packwood,* 59 Miss. 280.

Contributory negligence is a matter of defense, to be set up by the defendant. The question involved here was not discussed in the case of *Vicksburg* v. *Hennessy,* 54 Miss. 391. The better rule, and one which is sanctioned by the greatest number of authorities, is that the defendant must allege and show contributory negligence, if this is relied upon to defeat a recovery.

*J. W. Buchanan,* for appellee.

Section 1059 of the code has not changed any rule of pleading. The same allegations are required now as before its enactment. It

only provides that when a certain fact (an injury) is proved, this is *prima facie* evidence of the want of reasonable skill and care on the part of defendant.

This statute relates to the proof, and not to the pleading. Everything necessary to be proved must be alleged in the declaration. In the case of *The City of Vicksburg* v. *Hennessy*, 54 Miss. 391, our supreme court held that it was necessary for the plaintiff to prove, in addition to the fact that the injury was caused by the negligence of the defendant, that it was without negligence on the part of the plaintiff. In every personal injury suit in this state it is necessary to prove: 1. That there was an injury inflicted. 2. That the injury was the result of the want of reasonable skill and care on the part of the railroad company. 3. That the plaintiff himself was not negligent or that his negligence did not contribute to the injury. Here, as there was no allegation to negative the fact of negligence on the part of the deceased, and as every inference points to his negligence, there is no cause of action. It is alleged that the engines and cars were recklessly and negligently propelled against the deceased, without stating the facts constituting the recklessness, and without stating where the deceased was, whether at a crossing, where he had a right to be, or on the track, drunk, where he had no right to be. The plaintiff must specify the facts constituting defendant's negligence, and, in addition, aver that he did not contribute to the injury. *Thompson* v. *R. R. Co.*, 23 Am. & E. R. R. Ca. 289 ; *R. R. Co.* v. *Greany*, 24 Ib. 473, and note on page 478 ; *R. R. Co.* v. *Walker*, 32 Ib. 121 ; Smith on Negligence 381, and note.

It is admitted that it is held in a majority of the states that it is not necessary for the plaintiff to allege and prove that he was in the exercise of due care ; but in Mississippi and some other states this is necessary.

*J. W. Buchanan* argued the case orally.

ARNOLD, C. J., delivered the opinion of the court.

Appellant, plaintiff in the court below, sued appellee to recover damages on account of her husband being killed by one of its trains.

It is alleged in the declaration that the death was caused by the recklessness and negligence of the employees in charge of the train. A demurrer to the declaration, was sustained, on the ground, that it failed to show, that the deceased was free from fault, or in the exercise of reasonable care, at the time he was struck by the train.

Whether it was necessary for the declaration to contain such an allegation, is an open question in this state. *Vicksburg* v. *Hennessy,* 54 Miss. 391, to which we are referred by counsel, does not apply, for in that case, the plaintiff's own testimony showed that the injury of which he complained, was occasioned by his own fault, and neither the question of pleading nor the burden of proof was before the court.

In Alabama, California, New York, and Texas, it is held, in accordance with the precedents of declarations at common law, in like cases, that it is not necessary in an action to recover damages for personal injuries caused by the negligence of another, for the plaintiff to allege specially or distinctly in the declaration that the injury occurred without fault on the part of the person injured, or that he exercised reasonable care to avoid it. *M. & M. R. R. Co.* v. *Crenshaw,* 65 Ala. 566 ; *Robinson* v. *The Western Pacific R. R. Co.,* 48 Cal. 409 ; 1 Estee's Pl., § 1836 ; *Lee* v. *Troy Gas Light Co.,* 98 N. Y. 115 ; *Hackford* v. *N. Y. C. R. R. Co.,* 6 Lansing 381 ; the *Texas and Pacific R. R. Co.* v. *Murphy,* 46 Tex. 356. A different rule prevails in some localities, but it is believed that the weight of reason and authority is against it.

The allegation, that the injury was produced in consequence of the negligence of the employees of the defendant, implies that there was no negligence on the part of the deceased contributing to it, and as a matter of pleading, it was sufficient.

It was not necessary to state more than a *prima facie* case in the declaration and if, on such an allegation the proof should show that the injury did result from the negligence of the employees of the defendant, and there was no testimony imputing such negligence or want of reasonable care to the deceased, as would bar recovery, it is not perceived why the plaintiff would not be entitled to judgment for the damages that might be proved.

*Judgment reversed, demurrer overruled, and cause remanded.*