AARON P. SIMMS v. ORLEAN E. FORBES.

1. NEGLIGENCE. . Contributory negligence.   Burden of proof.

    In an action for personal injuries the burden of proof of con-
        tributory negligence is on the defendant, unless it be disclosed
        by the declaration or shown by plaintiff's evidence.

2. SAME.  Evidence.   Statements.   Hearsay.

    In an action for injuries to plaintiff by falling down an elevator
        shaft in defendant's store, evidence that she stated to defend-
        ant's agent, in an interview after the injury, that she under-
        stood defendant claimed that she was warned, but that she
        was not warned, and that the agent made no reply thereto,
        was hearsay and inadmissible.

3. SAME.   Cross-examination.   Indirection.

    Where defendant's agent on direct' examination had not testified
        with reference to a statement made to him by plaintiff at an
        interview after the accident, which statement was collateral
        and irrelevant, plaintiff, by cross-examining the witness as to
        such statement, was bound by his answer, and was not entitled
        to contradict him, though she laid a predicate therefor on
        such cross-examination.

4. SAME.

    In an action for injuries to plaintiff, evidence of a statement
        made by defendant's agent, in an interview with plaintiff after
        the accident, that he blamed himself therefor, to which plaintiff
        replied that somebody was certainly to be blamed, was hearsay
        and inadmissible.

FROM the circuit court of Adams county.

HON. MOYSE H. WILKINSON, Judge.

Miss Forbes, the appellee, was plaintiff, and Simms, the ap-
pellant, was defendant in the court below.  From a judgment
in plaintiff's favor for $1,741 defendant appealed to the
supreme court.

The action was for damages for injuries sustained by plain-
tiff in falling into an open elevator shaft in defendant's store.

Defendant pleaded the general issue, and gave notice that evidence would be introduced to show that plaintiff's damage was caused by her contributory negligence. The court refused to instruct the jury that the burden of proof was on plaintiff to show that she was free from contributory negligence.

*Brown & Martin,* for appellant.

The court erred in admitting over defendant's objection testimony of a conversation that took place in the absence of defendant between W. J. Foster and plaintiff, when W. J. Foster called at her residence to see her over a year after her injury and only a few days before the trial, and especially in permitting plaintiff to answer the following question of her counsel relative to said conversation—to wit:

"As a part of that conversation, did you say to him that you had not been warned?"

Mr. Foster, on cross-examination, replied to plaintiff's questions that Miss Forbes stated she understood we were going to say that she was warned, but he did not recall whether she said she was or was not warned, because some things she claimed to remember and some she did not.

At the close of Mr. Foster's testimony Miss Forbes took the stand in rebuttal, when the following occurred—to wit:

"Ques. When Mr. Foster came down to see you, as a part of that conversation he had with you, did you say to him that you had heard that they intended to say that you were warned about that place? (Objected to and sustained, and plaintiff excepted.)

"Ques. As a part of that conversation, did you say to him that you had not been warned? (Objected to and overruled, and defendant excepted.)

"Ans. I looked him right in the face most impressively and said it very slowly, 'I hear your people say that I was warned; I wasn't warned;' and he said nothing."

We admit there is strong authority holding that even where

a witness says he cannot remember whether he has made a statement different from his testimony, you can introduce the contradictory statement by way of impeachment. There was no attempt here, however, to impeach Mr. Foster by proving a statement as to a material matter different from his testimony, but simply to prove Miss Forbes made a statement about which Mr. Foster had no recollection. Plaintiff's counsel injected this grossly incompetent testimony into the case to discredit Mr. Foster by Miss Forbes' statement that Mr. Foster "said nothing" when she claimed to him that she was not warned. This statement of Miss Forbes undoubtedly prejudiced defendant's case with the jury, since it was the only thing in the case to suggest a doubt as to Mr. Foster's testimony that he had warned Miss Forbes of the open elevator.

If defendant had claimed to have warned her and had remained silent when she denied the warning, his silence might be construed as an admission against himself, and, as such, admissible. Mr. Foster, however, could not bind his principal by any admission relative to a past transaction. It was immaterial what Miss Forbes said to Mr. Foster, hence she could not have contradicted him even had he testified she did not say she was not warned. See *V. & M. R. R. Co.* v. *McGowan,* 62 Miss., 682; *Jones* v. *State,* 67 Miss., 111.

Defendant asked Mr. Foster nothing relative to conversation between Miss Forbes and himself, and plaintiff was bound by whatever answers he made on cross-examination to her questions as to this immaterial matter. "If the testimony of a witness on cross-examination, in respect to a matter not brought out on the direct examination, is such that it would not be competent if offered by the cross-examiner, the same is collateral, and cannot be contradicted." *Williams* v. *State,* 73 Miss., 820; see also Gillett on Indirect and Collateral Evidence, sec. 90, p. 135.

In *V. & M. R. R. Co.* v. *McGowan,* cited above, this court reversed the judgment in plaintiff's favor because the lower

court permitted plaintiff to introduce evidence to contradict the engineer as to an immaterial matter.

The court erred in refusing to sustain the motion of defendant to exclude certain testimony relative to a conversation that took place, in absence of defendant, between plaintiff and W. J. Foster, when W. J. Foster called at plaintiff's residence to see her only a few days before the trial, and especially in refusing to strike out or exclude the following question asked plaintiff and her answer relative to said conversation—to wit:

"Ques. When Mr. Foster came down to see you, did he make a statement to you in which he said: 'I take great blame for that accident myself?'

"Ans. I cannot say whether he did say that exactly, but he said, 'I take great blame,' or he said, 'I blame myself for this accident; and my reply was: 'Somebody was to blame, certainly.'"

*Dabney & McCabe,* for appellee.

Certainly plaintiff had the right to testify that the statement of Foster, that he had notified her that they were approaching the elevator and that they were at it, and that she was warned of its presence, was untrue. The further testimony of hers, that Foster said nothing when she told him she was not warned, when he was officiously visiting her house, is wholly immaterial. He had testified to the same thing himself without objection, and it was a mere repetition of his statement and could do no harm.

Foster says on cross-examination, that he had not said to the plaintiff on the occasion of his officious visit to her house, manifestly in the interest of his employer, that he took the blame upon himself in the matter, but denies it. His testimony in the case, if true, shows that he was not to blame. He testifies in effect that he had used all reasonable precautions to guard the plaintiff against falling into that hole. He testified to having warned her from the time they were approaching the elevator

until the moment that she was falling into it. If he said to her, when he was visiting her, that he took the blame on himself, he was making a statement in conflict with what he was testifying to. His testimony tended to show that he was blameless. This statement, which she says he made, is in direct conflict with that testimony, and is a proper subject for investigation. We submit that it is inconceivable that his testimony can be true if he was to blame, and it was material whether he was to blame or not, and it was for the jury to determine how far that statement was in conflict with his testimony. The court properly admitted evidence on the part of the plaintiff contradicting Foster as to his denial of his. If not, it is a trifling matter, and not reversible error.

Certainly it cannot be said that this brought before the jury any other matter which was not before it, and thus prejudiced the defendant's case. That was true of the McGowan case. There, under the guise of contradicting the witness, a hearsay statement that the engineer in charge was drunk was gotten before the jury. This court, in that case, as a matter of law, decided that the statement was not material, and were of opinion that the statement that the engineer had said, "How can a drunken man see a drunken man?" was prejudicial and hurtful to the defendant's case. For that reason it was held to be material error to admit that testimony. This case and that are not parallel in respect to the testimony in question. While it is not admissible to contradict a witness about an immaterial matter, it would not ordinarily be reversible error to do so.

Argued orally by *E. E. Brown,* for appellant, and by *Marye Dabney,* for appellee.

Cox, J., delivered the opinion of the court.

The charges requested for defendant below (appellant here), which proceed upon the assumption that the burden of proof

was on plaintiff to show freedom from contributory negligence, were correctly refused. This is not the law. Contributory negligence is an affirmative defense. The burden of proof is upon the defendant, except in those cases where the declaration alleges facts which *prima facie* show contributory negligence, but coupled with matter in avoidance, and except where plaintiff's evidence discloses contributory negligence. Wigmore on Evidence, sec. 2507; *Hickman* v. *K. C. R. Co.,* 66 Miss., 156 (5 South. Rep., 225).

The plaintiff, after having testified in her own behalf, was recalled and questioned touching a conversation with W. J. Foster, a witness for defendant, some days before trial, at plaintiff's home. Foster was the clerk in defendant's store who was showing plaintiff the bookcases at the time she fell into the elevator opening, and had testified that he called plaintiff's attention to the opening a few moments before she fell. Plaintiff was asked by her counsel: "When Mr. Foster came down to see you, as a part of the conversation he had with you, did you say to him that you heard that they intended to say that you were warned about that place?" This was objected to, and objection sustained. She was then asked: "As a part of that conversation, did you say to him that you had not been warned?" This question was objected to, objection overruled, and defendant excepted. Plaintiff replied: "I looked him right in the face most impressively, and said it very slowly, 'I hear your people say that I was warned; I wasn't warned;' and he said nothing." There is no ground upon which this testimony was admissible. It is clearly nothing but hearsay, and not within any of the exceptions to the rule which excludes hearsay evidence. It is true that when Foster was on the stand a predicate was laid for contradicting him upon this point. But the rule is well established that a witness may not, on cross-examination, be questioned as to collateral and irrelevant matters with a view to self-contradiction of his answer. In such cases the cross-examiner is bound by his answer. The

86 Miss.—27

rule against hearsay would be of but little value if it could be evaded by the transparent device of introducing it in contradiction of the adversary's witness upon collateral matters. Unless a party has the right to offer a conversation or statement directly, he cannot get it before the jury merely by way of contradicting a witness on matters brought out on cross-examination. Again, plaintiff was asked: "When Mr. Foster came down to see you, did he make a statement to you in which he said, 'I take great blame for that accident myself?'" To this she replied: "I cannot say whether he did say that exactly, but he said, 'I take great blame,' or he said, 'I blame myself for the accident;' and my reply was: 'Somebody was to be blamed, certainly.'" Defendant moved to strike out the last question and answer. Motion was overruled, and exception taken. The last answer was obnoxious to the same objection as the former. It was mere hearsay. Plaintiff could not have availed of it as a part of her case, nor could she have shown it in evidence for any purpose, independently of the self-contradiction of Foster. Such being the case, it was not available in any form or for any purpose. Wigmore on Evidence, sec. 1020; *V. & M. R. Co.* v. *McGowan,* 62 Miss., 698 (52 Am. St. Rep., 205); *Williams* v. *State,* 73 Miss., 821 (19 South. Rep., 826).

This evidence must have been highly prejudicial to defendant. For the error of the court in admitting it, the judgment must be reversed.

*Reversed and remanded.*