GULF, M. & N. R. Co. *v.* HUDSON.*

(Division A. Feb. 1, 1926.    Suggestion of Error Overruled March 15, 1926.)

[107 So. 369.    No. 24971.]

1. RAILROADS.  *Questions of negligence and contributory negligence as proximate cause of collision with automobile held for jury.*

  · Questions of negligence of railroad company in collision of train with automobile at crossing and of negligence of driver of automobile, with whom plaintiff was riding as a guest, being the proximate cause of the accident, *held*, under the evidence, for the jury.

2. RAILROADS. *Company held not entitled to instruction on nonliability, if speed was not more than fifteen miles per hour.*

  Railroad company, claimed to have been negligent in crossing accident within city limits, one hundred eighty feet from cut, on ground of excessive speed and failure to give signal, *held* not entitled to instruction that it was not liable if speed of train did not exceed fifteen miles per hour.

3. EVIDENCE.  *Statements of driver of automobile some time after colliding with train held inadmissible against his guest suing railroad company.*

  Statements of driver of automobile, seven to fifteen minutes after its collision with train, indicating his negligence, *held* inadmissible against his guest suing the railroad for injury received in the accident.

4. RAILROADS. *In view of conflicting evidence, instruction as to prima-facie evidence of negligent operation of train held not error.*

  Where, in crossing accident collision case, there was conflicting evidence on issues of negligence and proximate cause, so that it could not as matter of law be said that the facts and circumstances were known, it was not error to instruct that, if jury believed from the testimony that plaintiff was injured by the running and operation of the train, this was *prima-facie* evidence

that her injuries were sustained as a result of negligence in operating and running train; other instruction informing jury that, if the facts and circumstances of the accident were shown, the statutory presumption of negligence did not apply.

*Corpus Juris-Cyc. References; Evidence, 22 C. J., p. 377, n. 29. Railroad, 33 Cyc, pp. 1068, n. 86; 1098, n. 95; 1104, n. 33; 1108, n. 59; 1109, n. 60; 1128, n. 63, 64 New; 1130, n. 83; 1131, n. 93; 1134, n. 9, 11. Trial, 38 Cyc, p. 1518, n. 69.

APPEAL from circuit court of Winston county.
Hon. T. L. Lamb, Judge.
Action by Mrs. Laura Hudson against the Gulf, Mobile & Northern Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*Flowers, Brown & Hester, E. M. Livingstone* and *W. N. Key,* for appellant.

I. The plaintiff's cause of action in this case is predicated upon the charges that railroad company, its servants and employees were negligent in that they failed to blow the whistle and ring the bell as the train approached the crossing where accident in question happened; in running the train at an unlawful rate of speed in an incorporated town although the language of the statute is not followed; also in operating said train at a high and excessive rate of speed; to-wit, about thirty-five miles per hour; and in failing to keep a look out as the train approached the crossing on occasion of the accident.

The proposition as to negligence by the running of a train in excess of six miles per hour within an incorporated town has been eliminated by undisputed proof in the case that the Railroad Commission of Mississippi has prescribed limits within which the railroad company should be required to operate its trains at a speed not in excess of six miles per hour. The limitation fixed is a distance of one thousand feet, measured one-half each way from the station house, and this particular station,

by actual measurement, is located sixteen hundred fifty feet south of the crossing where the accident occurred.

The plaintiff's proof on the question of high and excessive speed, failure to blow whistle and to ring bell, when casually considered would tend to show that her charges were true; but we think that, on a careful examination, it will appear to the court that the evidence is not reliable and does not establish the facts alleged.

We insist that the testimony, as given under the circumstances appearing in the case, is wholly unreliable and not sufficient to sustain a verdict against the defendant and certainly it is not sufficient to outweigh the overwhelming proof offered by the defendant.

The railroad company proved beyond question and beyond any reasonable doubt that the whistle was blown for the Main street crossing, the Brick yard crossing north of this, for the station board north of the Brick yard crossing, that the bell was ringing continuously from the time the train passed the station board until it stopped south of Main street crossing after the accident, that the train was drifting down grade, not working steam, and at a rate or speed not in excess of fifteen miles per hour. Not only have these facts been proved by unexceptional witnesses, they have been proved by a large number of witnesses, the majority of whom have no interest whatever in this lawsuit and are not in the employment or connected in any way with the plaintiff in error, Gulf, Mobile and Northern Railroad Company.

We insist that the plaintiff has not shown that she exercised the proper care and caution for her own safety, either by the allegations of her declaration or by the proof introduced by her upon the trial. We think that she has shown negligence in her conduct in approaching the crossing, in failing to caution or warn the driver of the automobile and in failing to allege and prove that the car was under control when it reached a point on the right-of-way where she could observe the approach of a train and protect herself from injury; and that these facts appear so strongly and show so plainly that her ac-

tions and omissions were the proximate cause of her injuries that she cannot recover under the facts proved.

The contributory negligence on the part of one riding in an automobile driven by another whose negligence was not imputable to the former has been held to be shown as a matter of law in numerous cases: *Martin* v. *Pa. Ry. Co.* (1919), 108 Atl. 631; *Coby* v. *Q. O. & K. C, R. Co.* (Mo. 1913), 161 S. W. 290; *Lawrence* v. *D. & A. G. R. Co.* (Utah, 1918), 174 Pac. 817; *Blanchard* v. *M. C. R. Co.* (Utah, 1917), 100 Atl. 666; *La. Goy* v. *Director General* (N. Y., 1921), 131 N. E. 886; *Sadler* v. *N. P. R. Co.* (Wash., 1922), 203 Pac. 10; *Hoyle* v. *N. P. R. Co.* (Wash., 1919), 178 Pac. 910; *Morris* v. *C. B. & Q. Co.* (Neb., 1917), 163 N. W. 799; *M. K. & T. R. Co.* v. *Bussy* (Kan., 1903), 71 Pac. 261; *So. R. Co.* v. *Jones* (Va., 1916), 88 S. E. 178; *Brickell* v. *N. Y. C. & H. R. Co.* (N. Y., 1890), 24 N. E. 449; *Miller* v. *L. N. A. & C. R. Co.* (Ind., 1891), 27 N. E. 339. In this last case the plaintiff Miller was a woman and the driver was her husband. The same is true in *Fogg* v. *N. Y. N. H. & R. R. Co.* (Mass., 1916), 111 N. E. 960. See also on the general proposition: *Bush* v. *N. P. R. Co.*, 64 Pac. 624, 62 Kan. 709; *Kirby* v. *K. C., etc. R. Co.*, 186 Pac. 744; *Pigeon* v. *Mass., etc., Street Ry. Co.* (Mass., 1918), 119 N. E. 762; *Leapard* v. *K. C. R. Co.* (Mo., 1919), 214 S. W. 286; *Carden* v. *Chicago R. Co.*, 210 Ill. App. 155; *Dummer* v. *Milwaukee, etc., R. Co.* (Wis., 1901), 84 N. W. 853; *Miller* v. *St. L., etc., R. Co.*, (Ark., 1918), 206 S. W. 329; *Brommer* v. *Pa. R. Co.* (C. C. A. 3rd Civ.), 179 Fed. 577, 29 L. R. A. (N. S.) 924; *C. T. S. L. C. R. Co.* v. *Howard* (Ind.), L. R A. 593.

II.  We question the correctness of the court's action in allowing and permitting the plaintiff to invoke the benefit of the *prima-facie* statute in this case. The question was very recently under consideration in *Gulf, Mobile & Northern R. R. Co.* v. *Brown*, 138 Miss. 39, 102 So. 855.

III.  The court erred in excluding the evidence of B. B. Davis and T. C. Boyles as to the statements made

by Mr. Dempsey, the driver of the car, immediately aft-
er the accident and also in excluding evidence offered
to be given by the witnesses C. L. Griffin, J. O. Bennet,
S. J. Adams and I. C. Hensley, who were also offered
to prove statements made by the said Dempsey immedi-
ately after the accident occurred in explanation of how
it occurred, this evidence being offered as a part of the
*res gestae.* We insist that this evidence was competent.
22 C. J., *Res Gestae,* p. 443.

The notes sustaining the law as enumerated in *Corpus
Juris* are voluminous and it is not practicable to copy
citations here, but there is one note on p. 458, vol. 22,
that is worthy of consideration. "The reason for the
rule is that 'to exclude such evidence would in many
cases defeat the accomplishment of justice by excluding
evidence of the most trustworthy character.' '*Louisville,*
*etc., R. Co.* v. *Buck,* 116 Ind. 566, 19 N. E. 453, 9 A. S. R.
883, 2 L. R. A. 520 (quoting *Leach* v. *Oregon Short Line
R. Co.,* 29 Utah, 285, 81 Pac. 90, 110 A. S. R. 708).' "

"The time elapsed within which these statements may
be proved varies from a few minutes to an hour." 22 C.
J. 462-465.

This case should be reversed.

*Reilly & Parker,* for appellee.

I. One of the reasons assigned for a peremptory in-
struction is the failure of the appellee to allege or prove
the exercise of ordinary care both on her part and on the
part of the driver of the automobile—in other words, to
negative contributory negligence. We do not think that
this is required. *M. & O. R. R. Co. v. Campbell,* 75 So.
555; *G. & S. I. R. R. Co.* v. *Saucier,* 104 So. 180.

II. But the appellant contends that the appellee made
no case for the jury. This occurrence is so shocking in
its consequences that it may not be passed as common-
place and such as may be expected in the ordinary affairs
of life. Every collision at a public highway crossing ap-

proaching that conflict between public rights and individual user challenges the attention of all who are interested in public safety. There is no natural condition calling for or requiring such results. A train is permitted to pass over a public highway without any effort to stop, while a traveler thereon is being injured by such passing train. It is daytime, the sun is shining and the weather is fair, and people are being killed and injured. There is wrong somewhere. One or both of these parties were negligent. The negligence of one, or the concurring negligence of both caused the injury. The appellant cannot maintain its claim for a peremptory instruction unless the railroad was free from negligence contributing to the injury. The railroad cannot be free from negligence, unless the negligence of the driver of the automobile was the sole and only cause of the injury. *A. & V. Ry. Co. v. Davis*, 13 So. 693; *G. & S. I. R. R. Co. v. Boone.* 82 So 334; *Bonds v. M. & O. R. R. Co.,* 88 So. 161.

Under the testimony of the appellee, the liability in this case was for the jury and the appellant was not entitled to a peremptory instruction. Under the theory of the appellant, the facts surrounding the injury are left to conjecture, and the statute would fix liability.

III. The instruction refused by the court for the appellant, wherein it asked that the jury be limited to the consideration of the question as to whether or not the bell was rung or the whistle sounded, was refused. This instruction ignored every other question of negligence. Under this instruction there can be no liability if the bell was sounded or the whistle blown as provided by statute.

IV. Complaint is made that the appellee obtained an instruction on the *prima-facie* statute. The statute was involved in the trial and the evidence was such that the court should not have instructed the jury that it did not apply. But whether that be true or not, we had the right to obtain the instruction. *I. C. R. R. Co. v. Gray,* 79 So. 812.

The instruction granted in the case of *G. M. & N. R. R. Co.* v. *Brown,* 102 So. 855, was condemned for the same reason that similar instructions were condemned in the cases there cited. The statement of the court in that case that it was improper to invoke the *prima-facie* statute, as was done in instruction number six, is in no wise in conflict with the accepted rule as stated above. When the facts and circumstances are in evidence, the jury must decide the issue on the testimony; and this instruction directed the jury that these facts must be shown and must exonerate the company from blame. This court did not say that the court should not state that the proof of injury was *prima-facie* proof of negligence. This instruction was in accord with the accepted practice of years and with the expressed approval of this court many times.

There are no degrees of negligence contributing to any injury that make the negligence less or more than contributory negligence, and the statutes state that contributory negligence will not prevent the other party from being liable.

V. The court did not commit error in excluding the testimony as offered as a part of the *res gestae.* The testimony of Mr. Boyles shows clearly not to have been within the rule. *A. G. S. R. Co.* v. *Shannon,* 68 So. 165.

The appellant's effort to reverse this case is largely, if not entirely, based upon its position that the jury should have been more persuaded by its witnesses. The facts were properly submitted to the jury and have been thus decided. We feel that this case should be affirmed.


McGOWEN, J., delivered the opinion of the court.


This is an appeal from a verdict against the railroad company for damages for personal injuries received by Mrs. Laura Hudson in a collision between a railroad passenger train and an automobile which occurred at Main street in Louisville, Miss., on a public highway crossing within the corporate limits thereof. We shall not go

into a detailed statement of the facts in this case. No complaint is made by the appellant as to the size of the verdict nor as to the injuries received by Mrs. Hudson.

The main contention is that this court should hold that her injuries were proximately caused by the negligence of her brother, who was driving the car at the time of the collision and whose guest she was. We think it sufficient to state that it was the contention of the plaintiff, appellee here, that the location was such that the train could not be seen from the street north except after one had approached to within a few feet of the crossing; that she looked and listened, and, upon seeing the train called upon her brother to stop the car; that the car did stop before she was rendered unconscious by the force of the impact; and that part of the engine had passed the Ford car after it was stopped, and the step of the cab of the engine was bent to the rear. The appellee and her witnesses testified that the whistle did not blow nor the bell ring; that the train was running at a speed of from twenty-five to thirty-five miles an hour. It is conceded by the witness that this crossing was much used by the public, and that there was a cut one hundred eighty feet north from the crossing, and that a house was situated on the right side and to the north of the street where the accident occurred. The witnesses for the railroad company made it appear that the driver negligently drove into the train, operating his car at a rate of fifteen to twenty miles an hour. These facts were properly submitted as the issue to be tried by the jury. Although there were many witnesses who testified in contradiction of the plaintiff and her nephew and two witnesses as to the ringing of the bell and the blowing of the whistle for this particular crossing, yet this was a proper question for the jury, and they were the sole judges of the weight of the evidence and the credibility of the witnesses.

It is insisted that the court erred in not giving an instruction that, if the engine, at the time it reached the crossing, was not running more than fifteen miles per

hour the defendant was not liable. We do not think it was error to refuse this instruction. The question of whether or not there was negligence in the operation of the train at this crossing on a public highway, while the testimony of the witnesses varied from fifteen to thirty-five miles an hour, with this crossing on the Main street one hundred eighty feet from the cut, was a question for the jury. The six mile per hour statute has no application in this case.

The plaintiff did not use Dempsey, her brother, a man twenty-three or twenty-four years old, who was driving the car, as a witness, and the railroad company offered to show by a number of witnesses statements made by him, such as, "Oh, I do not know what made me do it," and by others that he stated that he got his foot upon the accelerator instead of on the brake. All of these conversations sought to be introduced occurred after the injury occurred, varying from seven to fifteen minutes after the collision occurred. We think this is controlled by the case of *V. & M. Railroad Co.* v. *McGowan*, 62 Miss. 682, 52 Am. Rep. 205, wherein the proposed testimony was to the effect that about seven minutes after the accident the engineer was heard to say, "How in the hell could a drunken man see a drunken man?"

The only other point which we deem it necessary to notice in this case is that the court granted the following instruction for the plaintiff:

"The court instructs the jury for the plaintiff that, if the jury believe from the testimony that the plaintiff was injured by the running and operating of the train of the defendant, then under the law this proof is *prima-facie* evidence that the injuries of the plaintiff were sustained as a result of the negligence of the defendant in operating and running of its train."

And it is urged it is error because all of the facts and circumstances connected with this incident are in evidence, and that this instruction, together with others, amounted to a peremptory instruction.

The case of *Gulf, M. & N. R. Co.* v. *Brown,* 138 Miss. 39, 102 So. 855, is cited. The instruction in the Brown case is as follows:

"Instruction No. 6. The court instructs the jury for the plaintiff that in all actions against railroad companies using engines, locomotives, and cars propelled by the dangerous agency of steam and running on tracks, for damage done to persons at highway crossings, proof of injury inflicted by the running of the engines and cars of such railroad under the law is *prima-facie* evidence of the want of reasonable skill and care of such rail-corporation in reference to such engines, and in this case, if you believe from the evidence the plaintiff was injured under such circumstances, this makes out a . *prima-facie* case of liability, and this statutory presumption cannot be overthrown by conjecture; the circumstances of the accident must be clearly shown, and the facts so proven must exonerate the company from blame; otherwise the railroad company is not relieved from liability, and the presumption controls, and in such case you should find for the plaintiff."

Judge Ethridge, speaking for the court in the Brown case, said:

"It is not true that the law requires the facts to exonerate the railroad company from blame. The law requires the facts to be produced, and, if the facts are not produced in evidence, the presumption prevails; but, when the facts are produced, the jury must decide the question from the facts, and, unless the facts show negligence, the plaintiff does not prevail. If there is a conflict in the facts as testified by the different witnesses, the jury must pass upon the conflict, and must determine what the facts are from the evidence. They must decide the question of the veracity of the witnesses so presented. Frequently, where the facts are in evidence, two or more different reasonable conclusions might be drawn by the jury. In such case it is the duty and province of the jury to apply their minds to the question and to decide which is the more reasonable and

probable inference to be drawn from the facts so proven, and they cannot escape this duty of applying their minds to the proposition by adopting the statute as a substitute. The instruction here involved authorized the jury in such case to adopt the presumption of liability. In other words, if all the facts are in evidence, and different reasonable conclusions could be drawn therefrom, one favorable to the railroad company and another favorable to the plaintiff, the instruction makes it the duty of the jury to adopt that unfavorable to the railroad company. The statute was intended to have operation only when the facts were not or could not be produced, and places the burden upon the company to produce the facts which are generally peculiarly within its own knowledge.''

It will be noted that the court in the *Brown case, supra,* only held that the railroad company did not have to exonerate itself from blame where the facts were all in evidence.

In the instant case the railroad company secured the following instruction:

''The court instructs the jury for the defendant that, even though proof of an injury by the running of a locomotive or cars raises a presumption of lack of ordinary skill and care on the part of the defendant, yet, when the facts are proven by either party, the presumption of negligence disappears, and liability of the defendant must then be determined from the evidence, and the jury must find for the defendant, unless you believe from the evidence that the defendant was guilty of negligence and that the negligence of the defendant was the proximate cause of the plaintiff's injury.''

By this instruction the jury were informed that, if the facts and circumstances of the accident were shown, then the presumption did not apply, and the two instructions taken together constitute the law. In other words, if the jury could, from the facts, determine how the accident occurred, and who was to blame, then the *prima facie* statute did not apply. On the other hand, if all of

the facts and circumstances did not satisfy the mind of the jury to the degree required by the law as to how the accident occurred, then the *prima-facie* statute was properly invoked.

We think there was no error in granting this instruction as given in this case. It will be noted that in the *Brown case, supra,* the instruction condemned required the defendant to exonerate itself, and the vice of that instruction does not appear in the one given in the instant case.

In *A. & V. Ry. Co.* v. *Thornhill,* 106 Miss. 387, 63 So. 674, it is plainly stated that this *prima-facie* statute disappears when the facts and circumstances under which the injury was inflicted have been ascertained, and when the facts and circumstances are in evidence, and there is no dispute, and only one reasonable inference can be drawn from the testimony, then the court should instruct for the plaintiff or defendant upon that inference, and the court took up the cases arising under this statute, reviewed and analyzed them, and announced the following conclusions (106 Miss. 409, 410 [63 So. 678]):

"From this review of these cases, it seems reasonably clear that:

"(1) Proof of injury inflicted by the running of defendant's cars is *prima-facie* evidence of negligence, and, unexplained, entitles the plaintiff to judgment.

"(2) When the facts and circumstances under which the injury was inflicted have been ascertained, the presumption of negligence created by the statute disappears, and the defendant's negligence *vel non* must then be determined alone from such facts and circumstances.

"(3) This *prima-facie* presumption, however, is not a specific one but a general one; that is, negligence is presumed in the doing or omission of any act that could have reasonably caused the injury, and consequently, in order that it may be rebutted, the evidence must disclose the doing or omission of every act from the doing or omission of which an inference of negligence *vel non* could be drawn.

"(4) When the facts and circumstances are in evidence, and there is no dispute relative thereto, and it appears that only one reasonable inference can be drawn therefrom, a verdict may be directed for either the plaintiff or the defendant as the case may be.

"(5) Even though the facts and circumstances are in evidence, and although there may be no conflict therein as to what these facts and circumstances are, unless they justify the court in directing a verdict, it is proper to charge the jury on request of the plaintiff that proof of injury by the running of the cars is *prima-facie* evidence of negligence, and on request of defendant that, since the facts and circumstances under which the injury was inflicted are known, they will determine whether or not the defendant was negligent solely therefrom without resorting to any presumption of negligence."

We have already said that there was conflict in this testimony upon the material points involved, the plaintiff asserting that the defendant was negligent in failing to ring the bell and blow the whistle in approaching this public crossing, and that it was further negligent in running at an excessive rate of speed, and that plaintiff was thereby injured. On the other hand, the defendant's contention was that the injury was caused by the fast driving of the automobile driver, and that the proximate cause of the injury was due to the fact that he drove into and struck the train. There was evidence on both these theories, and in this state of the case we cannot say that the jury did not have a right to resort to the *prima-facie* presumption, if, in its opinion, the testimony of all of the witnesses did not show them how the injury occurred. In other words, in a legal sense, as was said by Chief Justice SMITH in the *Thornhill case, supra,* where there is a sharp dispute, it cannot be said that the facts and circumstances are known, and it may well be that in this case the jury was warranted in turning to this *prima-facie* presumption in order to legally determine the facts. So that the rules announced in *Railroad* v. *Thornhill, supra,* are adhered to and reannounced

as stated therein, and consequently we are of opinion that no error may be predicated upon the giving of that instruction in this case.

We find no reversible error in this case.

*Affirmed.*