CROSBY v. COLUMBUS & G. RY. Co.

(Division B. May 16, 1938.)

[181 So. 139. No. 33210.]

Ernest Kellner, of Greenville, for appellant.

H. P. Farish, of Greenville, for appellee.

774

**Anderson, J.**, delivered the opinion of the court.

Appellant brought this action against appellee in the circuit court of Washington county to recover damages for an injury to her right arm, alleged to have been caused by the falling thereon of a window of one of the passenger cars of the appellee while she was a passenger thereon. The trial resulted in a verdict and judgment for ap-

pellee, from which judgment appellant prosecutes this appeal.

Appellant was a passenger on one of appellee's passenger trains from Greenwood to Greenville. She alleged that she had her right arm on the window sill when the window, on account of its defective condition, fell upon her arm causing the injury.

Appellant assigns and argues as error the action of the court in striking from her declaration, on motion of appellee, the allegation that after the injury occurred the conductor in charge of the train admitted that the catch to the window was defective, and he did not understand why it had not been repaired. The evidence showed that if such a declaration was made by the conductor it occurred after the injury and was no part of the res gestae. Appellant admitted as a witness in her own behalf that the conductor was not present when the injury occurred but came in after her arm had been released from the window.

We pass the question as to whether a motion to strike was the proper method of raising the question of the materiality of the allegation, and go to the question of the competency of the evidence in support of the allegation. The rule in this state, and we believe it is general in this country, is that the declaration of a servant made after the occurrence which is the foundation of the action, and which is no part of the res gestae, is without binding force on the master. Vicksburg & M. R. Co. v. McGowan, 62 Miss. 682, 52 Am. Rep. 205; Simms v. Forbes, 86 Miss. 412, 38 So. 546; Gulf M. & N. R. Co. v. Hudson, 142 Miss. 542, 107 So. 369; Woods v. Franklin, 151 Miss. 635, 118 So. 450; Deposit Guaranty Bank & Trust Co. v. Silver Saver Stores, Inc., 166 Miss. 882, 148 So. 367. Such a declaration to be competent must be a part of the occurrence and spontaneously grow out of it. It follows that the action of the court in striking the allegation from the declaration was without harm to the appellant because evidence to support it would have been incompetent.

Appellant assigns and argues as error the action of the court in overruling her motion for a new trial on the ground that the verdict of the jury was against the overwhelming weight of the evidence. It is true, as contended, that appellee as a common carrier of passengers was due appellant the highest degree of care and diligence to prevent injury to her. We are of the opinion that there was ample evidence to the effect that appellee met that requirement. The finding of the jury was supported by competent evidence.

Affirmed.