GRANTHAM v. GULF & S. I. R. Co.*

(Division B. March 9, 1925.)

[103 So. 131. No. 24722.]

1. RAILROADS. *Instruction law presumes statutory signals were given held ground for reversal, where evidence on issue was conflicting.*

In action for injuries sustained by passenger of bus struck by train at crossing, in which there was a sharp conflict in the evidence as to whether the bell of the locomotive was rung before train reached crossing as required by the statute, instruction that "law presumes and the jury must consider . . . that the bell was rung, as required by law," *held* ground for reversal,

since jury may have been led to follow the presumption instead of determining the issue entirely on the evidence.

2. RAILROADS. *Presumption statutory signals were given does not obtain, where evidence is conflicting.*
    In action for injuries to passenger of bus struck by train at crossing, in which all the facts and circumstances connected with the injury were fully disclosed by the evidence and there was a sharp conflict in the evidence as to whether the locomotive bell was rung as required by statute, the presumption that the railroad complied with the statute and rung the bell does not obtain, since in such case the question is to be decided by the jury from the evidence.

3. RAILROADS. *Presumptions disappear from case when facts disclosing how injury occurred.*
    When all the facts disclosing how collision between bus and train at crossing occurred were submitted to jury, the statutory presumption of negligence caused by the running of cars and the presumption in favor of the railroad that it was obeying the law disappeared from the case, leaving jury to decide issue on testimony alone, though burden of proving his case as a whole still remained in plaintiff.

4. TRIAL. *Instruction as to presumption that whistle was blown on approach of train to crossing, where uncontradicted evidence showed that it was not blown, held erroneous.*
    In action for injuries sustained by passenger of bus struck by defendant's train at crossing, in which the uncontradicted evidence showed that whistle was not blown, instruction "that the law presumes and the jury must consider that the whistle was blown" held erroneous.

*Headnotes 1. Railroads, 33 Cyc., p. 1131; 2. Railroads, 33 Cyc., p. 1069; 3. Railroads, 33 Cyc., p. 1069; 4. Railroads, 33 Cyc., p. 1131.

HON. D. M. GRAHAM, Judge.

APPEAL from circuit court of Harrison county.

Action by S. Grantham against the Gulf & Ship Island Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Mize & Mize,* for appellant.

The Carlson case, a companion case, decided and re-
ported in 102 So. 168, settles the proposition that this
was a case for the jury.   This is a much stronger case
for the appellant than the Carlson case was for Carlson,
because in that case·both the bus company and the rail-
road company were sued, while here only the railroad
company is sued.   The driver of the bus was not intro-
duced in the Carlson case, and his act in driving upon
the crossing was unexplained in that case.

The court gave the following instruction:   "The court
charges the jury for the defendant Gulf & Ship Island
Railroad Company that the law presumes and the jury
must consider that the whistle was blown, or that the
bell was rung, as required by law.   The law imposes upon
the plaintiff the burden of proving by a preponderance
of the testimony and the weight thereof that the whistle
was not blown or the bell rung, as required by law, and
unless the plaintiff has so proven, by the preponderance
of the evidence, the failure to blow the whistle for the
highway crossing or to ring the bell for the crossing, as
required by law, it is the sworn duty of the jury to find
that the whistle was blown or the bell rung as the law
requires, and to return a·verdict of:  'We, the jury, find
for the defendant, the Gulf & Ship Island Railroad Com-
pany.' "

This instruction is about as erroneous as an instruc-
tion could be.   Section 1645, Hemingway's Code, makes
proof of injury inflicted by the running of engines or
cars of a railroad company or other such corporation
*prima-facie* evidence of negligence on the part of such
company; and, under the doctrine laid down in the case
of *Landrum* v. *Railroad Co.*, 89 Miss. 406, and the *Brooks
case,* 85 Miss. 269, and a great number of cases since,
construing this statute, when the injury is once shown,
then the railroad company must show all the facts sur-
rounding the injury, and, to overcome the statutory pre-
sumption, the facts so shown must exonerate the company
from blame.

So, if there had been no testimony in this case but the testimony of Grantham, then Grantham would have been entitled to a peremptory instruction to find for him; but, the railroad company undertook to show all of the facts in the case, and, in showing all of the facts in the case, in connection with the facts shown by Grantham, the presumption in favor of Grantham disappears and the case must be determined by the jury on all of the facts shown. See *Railroad* v. *Hamilton,* 62 Miss. 503; *Railroad* v. *Doggett,* 67 Miss. 250.

The presumption should yield to facts where they are sufficiently shown. *Railroad* v. *Phillips,* 64 Miss. 693; *Railroad* v. *Bourgeois,* 66 Miss. 3; *Hamlin* v. *Y. & M. V. R. R. Co.,* 72 Miss. 39; *Nichols* v. *Railroad Company,* 83 Miss. 126. Further, we call the court's attention to the fact that nowhere is the weight of the bell shown to comply with the statute. Section 6669, Hemingway's Code; *Reed* v. *I. C. R. R. Co.,* 113 Miss. 545; *Carney* v. *A. G. S. R. R. Co.,* 109 Miss. 233.

The court erred in giving this instruction for the railroad company: "The court charges the jury for the defendant Gulf & Ship Island Railroad Company that under the law the railroad company was not required to blow the whistle on approaching the highway crossing. If the bell on the engine was ringing, all the warning was given that the law required, and if you believe the bell was ringing on approaching the highway crossing, then you are instructed that under the law the engineer was not required to blow the whistle."

The intent of the instruction was this (though not properly drawn because of failure to give the weight of the bell and the distance it must be rung as the statute requires); to inform the jury that if the bell on the engine was ringing, the engineer could just sit back and give no further alarm though he saw or knew that persons in peril of their lives were going on this crossing and the train was bearing down on them at the rate of thirty miles an hour with only fifty or sixty feet be-

tween the train and the crossing. But this is not the law: 3 Elliott on Railroads, sec. 1648, p. 500.

*T. J. Wills,* for appellee.

I. Following the order adopted by counsel for appellant in their brief, we come to consider the first action of the court, which they consider error, and that is, the giving of instruction No. 1 for the defendant. This instruction is perfectly proper and correctly informed the jury on the subject. The negligence complained of in the declaration, and the only negligence complained of, as above set out, was the failure of the defendant to ring the bell or to blow the whistle, as required by section 6669, Hemingway's Code.

Inasmuch as the plaintiff himself set out in his declaration that the violation of this statute in failing to ring the bell or blow the whistle on approaching the crossing was the sole and only negligence in the case, he assumed the burden of proving this negligence. It is clear then, that both because of the allegations in the plaintiff's declaration with reference to the defendant's negligence and because of the assumption of the burden of proving the same by the plaintiff on the trial, it was incumbent upon him to establish the alleged negligence by a preponderance of the evidence. The defendant was entitled to the presumption against negligence, which presumption had to be overcome by the plaintiff. This is precisely what the instruction was. It correctly informed the jury on the subject, and was proper.

Section 1645, Hemingway's Code, called the *prima-facie* statute, has no application in this case. Its sole purpose is, to aid the plaintiff where proof is lacking; in cases where the plaintiff cannot prove the facts in his case; in cases where he is without information and without sufficient facts to establish negligence on the part of the defendant. And conversely, where the plaintiff is in possession of the facts, and states them in his declaration,

and assumes the burden of proving them on the trial, he cannot invoke the aid of the *prima-facie* statute. This very point has already been decided, and this position sustained. *Gilchrist-Fordney Co.* v. *Parker,* 109 Miss. 445, 69 So. 290; *A. & V. R. R. Co.* v. *Thornhill,* 63 So. 674.

The burden is always on the plaintiff to show negligence. *Gilchrist-Fordney Co.* v. *Parker, supra; Kyle* v. *Colmer* (Miss.), 1 How. 121; *Merrill* v. *Melchior,* 30 Miss. 516; *Kerr* v. *Freeman,* 33 Miss. 292; *Harper* v. *Ray,* 27 Miss. 622; *A. & V. R. R. Co.* v. *Groome,* 52 So. 703; 2 Dec. Dig. Vol. 17, Negligence IV. B, Key No. or section 121; 37 Cent. Dig. (Negligence), secs. 217 and 224.

Moreover, the instruction was proper because of the fact that the statute required the ringing of the bell or the blowing of the whistle on the approach of the crossing, and this being a statutory requirement, the presumption is strong that those in charge of the train obeyed the statute. It is presumed that all men obey the law. See Jones Blue Book on Evidence, par. 13; *Wilkey* v. *Collins,* 48 Miss. 496; *Haran* v. *Miller,* 41 Penn. 470.

II. The next error assigned and complained of in appellant's brief is instruction No. 2. The chief objection to this instruction made by appellant is that it ignores all other causes of negligence save the ringing of the bell and the blowing of the whistle. This is certainly correct. The instruction should have ignored the consideration of all other negligence for the reason that the only negligence complained of in the declaration is the failure to comply with the law with respect to ringing the bell and blowing the whistle. The court was not concerned, and the jury should not consider any other evidence of negligence.

Argued orally by *S. C. Mize,* for appellant, and *T. J. Wills,* for appellee.

HOLDEN, P. J., delivered the opinion of the court.

The appellant, Grantham, sued the Gulf & Ship Island Railroad Company for damages for personal injuries re-

ceived by him on a public crossing at Landon, a station on appellee's railway line, on account of being struck by a train while he was riding as a passenger in a bus which was crossing the track at that point.   The case was finally submitted to the jury on the issue of whether or not the railroad company was negligent in failing to comply with the statutory signals of blowing the whistle or ringing the bell on approaching the crossing.   There was a sharp conflict in the testimony on this issue, and the jury returned a verdict in favor of the railroad company, hence this appeal.

There were two counts in the plaintiff's declaration; the first count alleged negligence of the railroad in failing to give the required warning signals upon approaching the public crossing, and the second count charged negligence in permitting the approach to the crossing to be obstructed so that the engineer could not see an approaching vehicle, and the occupant of the vehicle could not see an approaching train, and that also under these circumstances the engineer was negligent in not blowing his whistle while running over the crossing at a high rate of speed and knowing that it was a crossing frequently used by travelers.   At the close of the testimony the court granted a peremptory instruction to the railroad as to the second count of the declaration.   The chief errors complained of on this appeal are that the court erred in giving the peremptory instruction for the defendant on the second count, and also erred in granting certain other instructions to the defendant.   We shall dispose of the contention of the appellant as to the refusal of the court to submit the question of negligence on the second count by holding that the proof offered to sustain that count was insufficient, and the court was correct in peremptorily charging the jury that no recovery could be had on the second count.   The declaration charged in the first count, and the testimony offered by the plaintiff went to show, that the whistle was not sounded nor was the bell rung by the engineer upon approach-

ing the crossing, as required by the statute. The de-
fendant railroad company proved by its witnesses that
the bell was rung as required by law, and that it was
guilty of no negligence in striking on the crossing the
bus in which appellant was riding. The sole and sharp
issue of fact presented to the jury was whether or not
the bell was rung before reaching the crossing as re-
quired by the statute. Upon a clear conflict in the evi-
dence upon this question of fact, the jury rendered its
decision in favor of the appellee railroad company.

With this conflicting testimony before the jury, the
court granted the following instruction, No. 1, to the de-
fendant railroad company, which we quote as follows:

"The court charges the jury for the defendant Gulf
& Ship Island Railroad Company that the law presumes,
and the jury must consider, that the whistle was blown,
or that the bell was rung, as required by law. The law
imposes upon the plaintiff the burden of proving by a
preponderance of the testimony and the weight thereof
that the whistle was not blown or the bell rung, as re-
quired by law, and unless the plaintiff has so proven, by
the preponderance of the evidence, the failure to blow
the whistle for the highway crossing or to ring the bell
for the crossing, as required by law, it is the sworn duty
of the jury to find that the whistle was blown, or the bell
rung, as the law requires, and to return a verdict of:
'We, the jury, find for the defendant, the Gulf & Ship
Island Railroad Company.'"

The appellant complains that this instruction is erro-
neous and misled the jury to his prejudice. We think the
court erred in granting the instruction, and believe that
it was substantially harmful to the appellant on the trial
of the case, and must result in reversal here.

The instruction is erroneous, in that it tells the jury
"that the law presumes and the jury must consider that
the whistle was blown, or that the bell was rung, as re-
quired by law." All of the facts and circumstances con-
nected with the injury were fully disclosed by the evi-

dence in the case, and as to whether the bell was rung or the whistle sounded the testimony of the witnesses went to prove or disprove this disputed fact, and therefore it was for the jury to determine upon the evidence in the case whether the bell was rung or the whistle sounded, and, since all the facts were in evidence on this issue, the common-law presumption that the railroad had performed its duty was eliminated from the case, and the truth as to whether these statutory signals were given was to be determined by the jury upon the evidence introduced, and not upon any presumption of law. The presumption must yield to the facts.

When all the facts disclosing how the injury occurred were submitted to the jury, the statutory presumption of negligence "caused by the running of cars" went out of the case, and at the same time the presumption in favor of the railroad that it was obeying the law disappeared from the case, and the jury should have decided the issue upon the testimony alone. Of course, the burden of proving his case, as a whole, still remained with the plaintiff.

This character of instruction is bad and harmful in this, that, where there is a sharp conflict in the evidence on the vital issue in the case, making it difficult to decide, the jury may be led to follow the presumption charged by the court, and thus the case would not be determined upon the testimony given by the witnesses, as it should, and very likely would result inimically to the interests of the opposite party.

We have above mentioned the principal objection to the instruction. However, telling the jury in the instruction that the law presumes, and they must so consider, that the whistle was blown was also objectionable, because there is no proof in the case whatever that the whistle was blown for the crossing; on the contrary, all the witnesses said that the whistle was not blown.

There are other instructions in the record complained of, for instance, instruction No. 3 given the defendant, which is as follows:

''The court charges the jury for the defendant Gulf & Ship Island Railroad Company that, if you believe from the evidence in this case that the negligence of Waddell, the driver of the bus in question, in failing to look for an approaching train, if you believe from the evidence he failed to look, or his negligence in failing to stop the bus before driving it on the crossing, either one or both were the proximate cause of the injury to plaintiff, then it is your sworn duty, as to the defendant Gulf & Ship Island Railroad Company, to return the following verdict: 'We, the jury, find for the defendant, the Gulf & Ship Island Railroad Company.' ''

It is contended by appellant that this instruction is wrong for several reasons; the main one being that it was error to charge that, if the negligence of the bus driver in going upon the track ''was the proximate cause of the injury to plaintiff,'' the jury should find a verdict for the defendant; the argument being that the jury is told to find for the defendant even though the concurring negligence of the railroad may have proximately contributed to the injury, and that the instruction would be more nearly correct if it had told the jury that they should find for the railroad company if they believed the negligence of the bus driver was the ''sole cause'' of the injury, or that there was no concurring negligence upon the part of the railroad.

We deem it unnecessary to do more than point out the complaint regarding the above instruction, because the judgment of the lower court will be reversed upon the error in granting instruction No. 1 to the defendant.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*