**NEW ORLEANS AND NORTHEAST- ERN RAILROAD COMPANY,**
Appellant,

v.

**Mrs. Helen ANDERSON, Billy Anderson and Kenneth Anderson, Appellees.**

**No. 18444.**

United States Court of Appeals
Fifth Circuit.
July 20, 1961.

M. M. Roberts, Hattiesburg, Miss., J. Raburn Monroe, Walter J. Suthon, New Orleans, La., for appellant. Walter J. Suthon, Jr., New Orleans, La., of counsel.

Leonard B. Melvin, Jr., Leonard B. Melvin, Sr., Harold W. Melvin, Laurel, Miss., for appellees. Melvin, Melvin & Melvin, Laurel, Miss., of counsel.

Before JONES and BROWN, Circuit Judges, and CARSWELL, District Judge.

## CARSWELL, District Judge.

Appellees' husband and father was killed when the vehicle which he was operating collided with appellant's train at a crossing located within the city limits of Laurel, Mississippi.

This is an appeal from judgment upon jury verdict, appellant contending, first, that the District Court erred in denying its motion for directed verdict, and in submitting the case to the jury.

The court has thoroughly examined the voluminous testimony of the witnesses and finds adequate support for the District Court submitting the case to the jury and for the resulting verdict for appellee.

There is substantial evidence to the effect that at the crossing there were obstructions to the view of a driver approaching the tracks. The speed of the train was a sharply contested issue, developed by conflicting evidence upon which different inferences could be drawn. There is much more than a scintilla of evidence in this record to indicate excessive train speed under the circumstances of the particular crossing and the approach area. Substantial evidence of obstructions to view at the crossing, and the issue of speed of the train in itself was sufficient basis for the court to submit the question of negligence to the jury. See Donald v. Gulf, M. & O. R. Co., 1954, 220 Miss. 714, 71 So.2d 776; New Orleans & Northeastern R. Co. v. Lewis, 1952, 214 Miss. 163, 58 So.2d 486; Gulf, M. & O. R. Co. v. Scott, 1953, 216 Miss. 532, 62 So.2d 878.

The railroad is held to a degree of care commensurate with the situation created so as to avoid collision with travelers on the highway. This duty is created because where the crossing is dangerous the railroad has the duty to adjust the speed of the train. Whether the train was so operating is a jury question and was, therefore, properly submitted to it.

In addition there was conflicting testimony on the question of whether the train's whistle or bell was operating prior to the collision. The engineer and other witnesses testified that the whistle and bell were operating, and others testified that they were not in operation until the collision occurred. There was some testimony to the effect that those who were in position to hear the whistle or bell did not hear them. This is sufficient evidence to support a jury's finding that the bell and whistle were not operating. In Columbus & Greenville R. Co. v. Lee, 1928,

149 Miss. 543, 115 So. 782, 784 the Court stated that testimony that a fact did not occur, given by a witness "so situated that in the ordinary course of events he would have heard or seen the fact had it occurred" is sufficient to warrant a jury in finding that the fact did not occur. See also Louisville & Nashville R. Co. v. Whisenant, 1952, 214 Miss. 421, 58 So.2d 908; Davis v. Temple, 1922, 129 Miss. 6, 91 So. 689 (reversed on other grounds); New Orleans & Northeastern R. Co. v. Lewis, supra, 58 So.2d at page 490; Gulf, M. & O. R. Co. v. Scott, supra.

The foregoing questions were all properly submitted for jury determination by the Court and clearly there was no error in its refusing to direct a verdict for the railroad. The testimony on behalf of appellees, which was in conflict with that of the railroad, was not merely a scintilla of evidence as urged. It was substantial.

 Appellant next claims that the District Court erred by submitting to the jury special interrogatories relating to its negligence and the contributory negligence of the decedent but also refusing to submit special interrogatories on proportion of negligence attributable to each.[1]

Rule 49(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. gives the District Court wide discretion in regard to requests for special verdicts. The trial court here instructed the jury that it was its duty to reduce the amount of damages which would otherwise be awarded in proportion to the amount of negligence attributed by the jury to the decedent. Thus, the jury's general verdict of a specific amount of damages must be construed as having made appropriate reduction of damages for any contributory negligence which the jury might have found was chargeable to the decedent, Illinois Central Railroad Co. v.

Sanders, 1956, 229 Miss. 139, 90 So.2d 366, at page 373. At best it would have been duplication to require the jury by one special interrogatory to find one amount of damage without reference to the issue of contributory negligence and by another an amount of damages if there were contributory negligence. At worst, it would have been pointless confusion. Conversely, we fail to see how the interrogatories actually propounded could have confused the jury or prejudiced appellant in any way.

A party may not demand a special verdict as a matter of right. The rule is permissive, not mandatory. Whether a special or general verdict shall be returned rests in the discretion of the trial court. Similarly, under Rule 49(b) the submission of written interrogatories to be answered by the jury upon returning a general verdict is the exercise of a judicial discretion. Clegg v. Hardware Mutual Casualty Co., 5 Cir., 1959, 264 F.2d 152; Car & General Ins. Corp. v. Cheshire, 5 Cir., 1947, 159 F.2d 985. The allowance or refusal of requests for special verdicts is not reviewable except for abuse of discretion. No abuse of discretion is involved if the requests denied are confusing, or if they are unnecessary because substantially covered by other questions, 2 Barron & Holtzoff, Federal Practice and Procedure, Section 1054 at 740.

We hold, therefore, that the District Court's refusal to require the jury to specially find the percentage of negligence attributable to each party in precise form requested by appellant was not an abuse of discretion nor erroneous.

We have examined the record carefully and find no merit in appellants' further contention with respect to any instruction given, nor do we find any prejudicial error in the admission or exclusion of any testimony given at the trial.

1. Special Interrogatory No. 3. "To what proportion do you find that the defendant's negligence contributed to the accident?"

Special Interrogatory No. 4. "What is the amount of damages that you find that plaintiffs have sustained without considering the question of contributory negligence, and that is to say, what would be the amount of your verdict if there were no contributory negligence on behalf of plaintiffs' decedent, and you so find $————."

The charge was full and clear, and since the evidence was in dispute as to whether train signals were given, that portion of the charge, as were all others, was realistically in accord with the factual issues for the jury to determine.

Finally, the verdict is attacked as excessive.

In view of the fact that decedent was earning approximately $5,000.00 per annum at the time of his death, was forty years of age, had a life expectancy of twenty-five working years, had one son aged eleven and another aged seventeen, and considering the evidence with respect to the negligence of each party, we cannot say that a verdict of $52,000.00 was excessive or erroneous. Illinois Central Railroad Co. v. Sanders, supra.

The judgment of the District Court is Affirmed.