**Bonnie WARREN, Plaintiff-Appellant,**

v.

**ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant-Appellee.**

No. 84–4738

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 16, 1985.

Rehearing Denied Sept. 11, 1985.

Laurel G. Weir, Thomas L. Booker, Philadelphia, Miss., for plaintiff-appellant.

Williams, Glover, Walton & McAllilly, Ronnie L. Walton, H. Wingfield Glover, Jr., Meridian, Miss., for defendant-appellee.

Before CLARK, Chief Judge, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

## I

Warren appeals from the jury verdict rejecting her claim for damages resulting when her car collided with an Illinois Central Gulf Railroad (ICG) train. Because the evidence is obviously sufficient to support the verdict and the jury charge contains no plain error, we dismiss the appeal as frivolous.

## II

We interpret the facts in a light most favorable to supporting the jury verdict. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Warren was injured and her car was damaged when an ICG train backed into her car at 4:30 a.m. on November 24, 1979 in Meridian, Mississippi. The accident occurred at the intersection of Thirty First Avenue, and the ICG tracks. The train, engaged in a switching operation, was backing towards the intersection at approximately two to three miles per hour. A flagman, Mosley, stood in the middle of the road, waving a lighted lantern to signal any approaching traffic. In addition, the crossing signal's red lights were flashing. Warren admitted that she saw the flashing lights from this signal when she turned onto Thirty First Avenue 2000 yards south of the crossing. Warren also admitted that she had been drinking that evening and could still feel its effects. The testimony revealed that she consumed as many as five mixed drinks between 7:00 p.m. and the accident. She had crossed this intersection at least 10 times before, and nothing obstructed her view of the train.

When the Warren car was about 100 yards from the tracks, Mosley realized the car would not stop, so he dove for cover and radioed the train's engineer, telling him to use the emergency brake. The train and Warren were unable to completely stop in time, and a step from a rail car collided with the side of Warren's car. Warren sued ICG for her injuries and damages. The court instructed the jury regarding the relative liabilities of the parties. The court charged that if it found that ICG was negligent and that negligence was the proximate cause of Warren's injuries, then ICG would be liable. Similarly, it stated that if Warren's negligence, if any, was the sole proximate cause, then the jury should find for ICG. Specifically, the court charged that if the jury believed from a preponderance of the evidence that Warren, in the exercise of reasonable care, should have seen the train or become aware of its presence and should not have permitted her car to enter onto the railroad tracks, and that her failure, if any, was the sole proximate cause of the accident, then ICG was not liable.

The court further charged that if the jury found that the actions of both parties proximately caused the accident, then

> that does not bar recovery from [ICG], and if [the jury found] from a preponderance of the evidence under the instructions of the Court that the plaintiff was otherwise entitled to recover from the defendant railroad company, then in such case [the jury] would only reduce plain-

tiff's damages in accordance with her own negligence, if any.

The court went on to explain in detail how to compute a comparative negligence award, should the jury decide to so hold. The jury returned a verdict for ICG, and Warren now appeals.

### III

 Warren first contends that the verdict was contrary to the overwhelming weight of the evidence. She relies, however, on the testimony most favorable to supporting her contentions, not those in favor of the jury verdict, as *Glasser, supra,* requires. The facts, as recited above, clearly support the jury verdict, for the jury could reasonably have found that her negligence was the sole proximate cause of her injuries. This contention, then, lacks merit.

Warren also asserts there was error in that part of the jury charge providing that if her failure to stop in time was the sole proximate cause of the accident, then ICG was not liable. She argues that this ignored the comparative negligence standards of Mississippi law, constituting instead an instruction on contributory negligence. As a result, Warren claims that if the jury found any negligence on her part, the instruction dictated that the railroad should not be held liable.

This, of course, is incorrect. Warren has mischaracterized the import of the jury charge. Rather than absolve ICG from liability upon a finding of any negligence by Warren, the charge clearly relieved the railroad of liability only if the jury found that Warren was the *sole* proximate cause of the accident, despite any negligence of the railroad. Negligence by ICG, such as the failure to ring a bell, would be irrelevant if the jury found such negligence failed to constitute a proximate cause of Warren's injuries.

Moreover, Warren failed to object to the jury charge at trial. We therefore limit any review to plain error. *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Calmaquip*

*Engineering West Hemisphere Corp. v. West Coast Carriers, Ltd.,* 650 F.2d 633 (5th Cir.1981). We find none here. The instruction is wholly consistent with the remainder of the charge regarding comparative negligence and comports with the law of Mississippi. *See, e.g., Walker v. Louisville & Nashville R. Co.,* 571 F.2d 866 (1978).

The appeal is frivolous. Appellant is assessed double costs.

**DISMISSED.**